NASHUA & ROCHESTER RAILROAD *v.* DERRY.

Notification of a vote, at a legal town-meeting, that the town of D. " require" a railroad to " locate a depot in the town of D., on the line of said railroad, west of the Back Meadows," is equivalent to the " request " for the establishment of such depot, prescribed by Gen. St., *c.* 147, *s.* 14 ; and such vote is sufficiently definite as to location.

Petitions of the proprietors of a railroad, upon such proceedings, are properly referred to the county commissioners.

PETITION, setting forth that the plaintiffs were notified that the defendant town, on the 15th day of March, 1876, at a legal meeting, " Voted, that the town of Derry require the Nashua & Rochester Railroad to locate a stopping-place and depot in the town of Derry, on the line of said railroad, west of the Back Meadows, so called, the said railroad not having established any proper stopping-places for the public accommodation of said town ;" that the plaintiffs protest that if such a vote was passed, said vote and notice are insufficient, and that no sufficient action has been taken by the defendants or by anybody, and that no legal request has been made upon the plaintiffs.

The court ruled that the vote was a legal request, and that it was sufficiently definite, and ordered that the petition be referred to the county commissioners.   The plaintiffs excepted.

*A. F. Stevens*, for the plaintiffs.

Section 14, *c*. 147, Gen. St., provides that " If the proprietors of any railroad shall not, upon request, establish proper stopping-places and depots for the public accommodation, they may, upon such proceedings as are before prescribed in the case of passes and bridges, be required to establish such depots." Section 3 of the same chapter is probably the one referred to, and that provides that " Any town * * * may, by vote, require the proprietors of any railroad to secure the crossing of any highway by said railroad, by a bridge, or a pass under said way, or by gates on both sides of said railroad." Here no previous " request" is necessary.

The true construction would seem to be, that if the railroad, having been thereto requested, neglect to establish proper depots, the town may then, by vote, as in the case of passes and bridges, " require" them to establish such depots. And they cannot in the first instance require the establishment of depots by vote, arbitrarily, until after a " request" has been made. There is a distinction between a " request" and a requirement. In providing for the request, it was intended to give the road an opportunity to examine into and decide upon the propriety of such establishment. The road are entitled to such an opportunity before they can be required to call out the commissioners under the arbitrary vote of the town.

2. If the vote is the " request," then we say that it was too indefinite. It ought to indicate the spot where the road are requested or required, as the case may be, to build their depot. It is not a fair construction to permit the town by a popular vote to burden the road with the risk of building a depot which after all may not suit the town. There should be a reasonable certainty as to the location, whether we are to act upon a " request" or a requirement. The description, " west of the Back Meadows," gives a range of some two miles west to the Windham line.

*G. C. Bartlett*, for the town.

Foster, J. For all practical purposes, a notification of the vote of the town is equivalent to a request. The vote was sufficiently definite. Neither the town nor the railroad, disagreeing concerning the location of the depot, could prescribe it with exactness, and a range of two miles does not seem to be an impracticable or inconvenient range for the examination of the commissioners. The petition was properly referred, under the provisions of Gen. St., *c*. 147, *ss*. 5, 14.

*Exceptions overruled.*

Doe, C. J., did not sit.